UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN FRYE, Individually and as Parents and
Natural Guardians of John A. Frye and
Eric W. Frye, et al.,

                                Plaintiffs,

                                v.

NEWCOMB OIL COMPANY, et al.,

                                Defendants.
_____

                                            DECISION AND ORDER

                                            04-CV-6228L

       Plaintiffs, property owners in Brighton, New York, brought this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9607, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §7002(a), and several state statutes, to recover damages related to environmental contamination from nearby chemical spills and sewer leaks.  Several contamination events were alleged against a number of defendants, including a perchorethylene spill (the "PERC spill") which allegedly occurred  at an unknown time "prior to October, 2003," on property previously owned by defendant B.A. Speedy Realty, Inc. ("Speedy Realty"), and operated by defendant Speedy Cleaner, Inc. ("Speedy Cleaner") (collectively "the Speedy defendants") (Dkt. #44 at ¶¶ 42-45).

       The Speedy defendants never appeared.  On May 17, 2011, plaintiffs obtained the Clerk's entry of default against the Speedy defendants (Dkt. #88).  Approximately one year later, in response to information that the case had been settled as to those defendants who had appeared, the Court issued an order dismissing the action on May 4, 2012.  (Dkt. #90).

       Shortly thereafter, plaintiffs' counsel contacted the Court to object to the dismissal of the entire action, noting that although the settlement had addressed the plaintiffs' claims against all of

the participating defendants, it did not encompass plaintiffs' claims against the Speedy defendants. The same day, plaintiffs moved for default judgment against Speedy Realty and Speedy Cleaner.

"[J]udgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted).

Here, the complaint alleges only that the Speedy PERC spill took place at some point prior to October 2003, and avers "upon information and belief" that the Speedy defendants owned the subject property and/or operated a dry cleaning business there during the relevant period. The actual time during which each defendant commenced or ended its engagement with the subject property is not specified. The records of the New York State Department of State ("DOS") indicate that Speedy Realty was dissolved by proclamation on June 25, 2003, and that Speedy Cleaners is an inactive corporation with no registered agent for service. (Dkt. #87-1 at ¶11, Exhs. C and D). Neither corporation has any known assets.

Initially, I note that the facts alleged in the Complaint do not conclusively establish the Speedy defendants' liability for the PERC spill. While the spill purportedly took place "at some point prior to" October 2003, the complaint is bereft of any facts indicating how it may be logically inferred that the spill took place during the Speedy defendants' ownership or operation of the property, and/or prior to the dissolution and winding down of Speedy Realty: indeed, the time period during which the Speedy defendants were involved with the subject property is not identified at all. *See generally J&J Sports Prods. v. Tellez*, 2011 U.S. Dist. LEXIS 114212 at *1 (S.D.N.Y. 2011) (generally, a dissolved corporation may only be sued for liability incurred prior to dissolution or during the winding down of its affairs), *citing* N.Y. Bus. Corp. Law §1006.

Furthermore, given the plaintiffs' apparent inability to recover and collect damages from the Speedy defendants even the such a right could be established, I find that no purpose would be served by a grant of default judgment or the Court's engagement in a damages inquest.

Plaintiffs' motion for default judgment (Dkt. #92) is accordingly denied, the claims against Speedy Realty and Speedy Cleaner are dismissed, and the Clerk is advised that the matter shall remain closed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 12, 2012.